[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14217
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-00009-MW-GRJ-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAWANDA LAKAYE BURKETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 24, 2017)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Tawanda Lakaye Burkett appeals her convictions for knowingly

participating in the sex trafficking of a minor, in violation of 18 U.S.C.

§§ 1591(a)(1), (b)(2), and for knowingly benefiting from the sex trafficking of a minor, in violation of § 1591(a)(2).  On appeal, Burkett argues that the district court abused its discretion by admitting the testimony of Rachel Andres, a government witness, because Andres's testimony was not credible.  She also argues that her motion for judgment of acquittal should have been granted because the evidence was insufficient to establish that she knowingly participated in and benefitted from the sex trafficking of a minor.

The record contains evidence that Burkett drove E.B., a minor, to locations where E.B. would have sex for money.  She charged E.B. for the drive.  Andres testified that she worked with Burkett in prostitution and Burkett similarly drove Andres to "out-calls," received phone calls from Andres's clients, and "set everything up."

We review the admission of Andres's evidence for abuse of discretion. *United States v. Jernigan*, 341 F.3d 1273, 1284 (11th Cir. 2003).  Credibility determinations rest within the "exclusive province of the jury," and will not be disturbed unless the testimony the jury relied on was "incredible as a matter of law." *See United States v. Thompson*, 422 F.3d 1285, 1291–92 (11th Cir. 2005).  In order to be incredible as a matter of law, testimony "must be unbelievable on its face, i.e., testimony as to facts that the witness could not have possibly observed or events that could not have occurred under the laws of nature." *Id*. at 1291 (internal

2

quotation marks omitted).  Andres's testimony was not unbelievable on its face.

Her credibility was for the jury to consider, and there was no abuse of discretion by

the district court in admitting it.

We review de novo a claim that the evidence at trial was insufficient.  *See*

*United States v. White*, 663 F.3d 1207, 1213 (11th Cir. 2011).  After a de novo

review, we conclude that a jury "reasonably could have found guilt beyond a

reasonable doubt" based on Andres's testimony and the other evidence admitted at

Burkett's trial.  *See United States v. Martin*, 803 F.3d 581, 587 (11th Cir. 2015)

(internal quotation marks omitted).

**AFFIRMED.**